UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4082

SHARON EDWARDS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-235-KC)

Submitted: July 30, 1999

Decided: August 25, 1999

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. McCollum, Jr., Carla M. Mathers, JAMES E. MCCOL-
LUM, JR., & ASSOCIATES, P.C., College Park, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, James C.
Howard, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sharon Edwards was convicted by a jury of two counts of bank fraud, see 18 U.S.C. § 1344 (1994), and was sentenced to a term of thirty months imprisonment. She appeals her sentence, contending that the district court clearly erred in making a two-level adjustment for obstruction of justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (1998). We affirm.

The district court found that Edwards had engaged in two forms of obstructive conduct: first, leaving a threatening message on the voice mail of April Grant, a fellow employee whom Edwards believed had reported that checks were being stolen at Kaiser Foundation Health Plan, Inc., during the investigation of the offense and, second, concealing the involvement of a co-conspirator, Pamela Gunn, during a proffer session with the government.

An adjustment for obstruction of justice is warranted "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1. Obstructive conduct includes attempts to threaten or intimidate a witness, co-defendant, or juror. See USSG § 3C1.1, comment. (n.4(a)). The district court's determination that the defendant engaged in conduct that obstructed justice is a factual finding subject to the clearly erroneous standard of review. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).

Concerning the district court's finding that she attempted to threaten April Grant, Edwards first contends that the government did not prove that Grant heard the message. However, it was not necessary for the government to prove that Grant heard the message or was actually intimidated by it, because an attempt to intimidate is suffi-

2

cient for the adjustment to apply. See USSG§ 3C1.1, comment. (n.4(a)).

Edwards also suggests that the district court's ruling was in error because she testified at trial that she did not make the threat. But the district court found credible the testimony of other witnesses who identified her as the caller or identified the voice on the tape as hers. Pamela Gunn testified at trial that she was with Edwards when Edwards called April Grant and left the message on her voice mail. Given that the district court found Gunn a credible witness, this evidence alone was sufficient for the court to find that Edwards made the call. See United States v. Self, 132 F.3d 1039, 1042 (4th Cir. 1997) (resolution of factual dispute based on credibility of witnesses is not clearly erroneous) (citation omitted), cert. denied, 118 S. Ct. 1573 (1998).

Edwards maintains that the adjustment should not apply because Grant did not testify and thus was not "a co-defendant, witness, or juror." USSG § 3C1.1, comment. (n.4(a)). However, Grant was a potential witness and a threat to a potential witness is sufficient to trigger the adjustment. See United States v. Johnson, 46 F.3d 636, 638 (7th Cir. 1995); United States v. Sanchez, 35 F.3d 673, 680 (2d Cir. 1994).

Next, Edwards argues that there was no evidence she acted with the intention of obstructing the administration of justice. Her argument focuses on whether the government proved that, at the time of the call, there was an ongoing investigation by federal law enforcement authorities--as opposed to a corporate investigation--and, if so, whether Edwards was aware of the federal investigation. She does not dispute the government's assertion at sentencing that the federal investigation began in June 1997. She contends that the district court improperly accepted the government attorney's memory as to when the investigation began. Because Edwards did not contest the government attorney's representation, the district court did not err in accepting it as true.

No evidence was presented which established that Edwards knew the federal investigation had begun when she threatened Grant. However, it is clear from Gunn's testimony about the statements Edwards

3

made to her when Edwards made the threatening call that Edwards knew Kaiser was investigating the theft of checks, and that Edwards believed Grant had assisted that investigation. The language of § 3C1.1 does not limit "the investigation" to a federal investigation. This court has held that only conduct which occurs before any investigation begins is outside the scope of § 3C1.1. See Self, 132 F.3d at 1042. Consequently, "the appropriate focus of inquiry is not whether federal officials had begun involvement with the investigation, but whether the investigation was for `the instant offense.'" Id. at 1043. The term "instant offense" includes relevant conduct as defined in USSG § 1B1.3. Id. Edwards was prosecuted for two counts of bank fraud based on her receipt of money stolen from Kaiser, laundered through co-conspirator Syvalia Satterfield's fraudulent "Kaiser Medical Systems" account at Crestar Bank, and transferred to her by means of two checks drawn on the fraud account and made payable to her cousin, Raynetta Green. By the time Edwards made the threat to Grant, Crestar, Kaiser, and the FBI were investigating the scheme in which she was a participant and, at the very least, Edwards knew of the Kaiser investigation.

In sum, the district court had before it evidence that, at the time the threat was made, an investigation of the instant offense was underway and Edwards was aware of it. Consequently, the district court did not need to inquire into whether Edwards knew specifically that federal officials were involved, and the court did not clearly err in finding that Edwards had attempted to obstruct justice on this ground.

The adjustment was also justified on the alternative ground identified by the court. In November 1997, before Edwards was indicted, she accepted a proffer agreement offered by the government. She agreed to give truthful information in return for the government's assurance that her statements would not be used against her. In the proffer interview, she denied knowing anything about the theft of checks from Kaiser. At her trial, Edwards admitted lying during the proffer session when she concealed her knowledge of Gunn's involvement. She said she was motivated by a desire to let Gunn negotiate an advantageous plea agreement.

At Edwards' sentencing, the government asserted that, when it conducted the proffer session with Edwards, it had information about the

4

involvement of Satterfield and his employee, Barry Spriggs, but needed to know who had been involved in the scheme at Kaiser. Although Edwards had accepted a proffer agreement which required her to be completely truthful and candid, she failed to tell the government about Gunn's involvement.

Edwards' refusal to admit her own guilt in the proffer session could not be a basis for the adjustment because she was not under oath. See USSG § 3C1.1, comment. (n.2). In deciding that this conduct also merited an obstruction of justice adjustment, the district court noted that the commentary to § 3C1.1 provides that the adjustment is warranted if the defendant makes "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." USSG § 3C1.1, comment. (n.4(g)).*

Edwards argues that her conduct did not significantly impede the investigation, and thus did not warrant the adjustment. See USSG § 3C1.1, comment. (n.5(b) (making false statements under oath to law enforcement officers does not merit adjustment unless Application Note 4(g) applies). The government maintained that Edwards had successfully concealed information to manipulate the criminal justice system because she testified that her motive was to make it possible for Gunn to get a better plea agreement. Gunn subsequently obtained an advantageous plea agreement. The district court agreed that Edwards' conduct constituted an attempt to obstruct justice. We find that Edwards' conduct in concealing information to manipulate the government in such a manner significantly impeded the investigation because it misled the government about Gunn's involvement. Therefore, the district court did not clearly err in finding that this conduct also warranted the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*The district court referred to Application Note 3(g), apparently using the 1997 Guidelines Manual.